THE MATHEWS LAW GROUP
CHARLES T. MATHEWS (SBN 55889)
37 E. Huntington Drive, Suite A
Arcadia, California 91006
Ph.: (626) 683-8291
Fax: (626) 683-8295
Ted@mathewslawgroup.com

Attorneys for Defendant,
KORENIX USA CORPORATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GORDIUM INNOVATIONS LLC,<br>Plaintiff,<br>v.<br>KORENIX USA CORPORATION,<br>Defendants. | CASE NO. 2:15-cv-00135<br>**DEFENDANT KORENIX USA CORPORATION'S ANSWER TO GORDIUM INNOVATIONS LLC'S COMPLAINT AND COUNTERCLAIMS** |

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant Korenix USA Corporation ("Defendant") hereby responds to the Complaint ("Complaint") of Plaintiff Gordium Innovations LLC ("Plaintiff"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows: Defendant denies each and every allegation contained in the Complaint that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts. Defendant denies that Plaintiff is entitled to the relief requested or any other.

## ANSWER

1. Defendant admits that the Complaint purports to be an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, et seq.

2. Defendant admits that Plaintiff purports to be a limited liability company organized under the laws of the State of Texas with its principal place of business at 106 Fannin Avenue, Round Rock, TX 78664-5219. Except as admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, and therefore deny them.

3. Defendant admits the allegations of Paragraph 3.

4. Defendant admits that the Court has subject matter jurisdiction.

5. Defendants does not dispute that personal jurisdiction may be proper in this district.

6. Defendants does not dispute that personal jurisdiction may be proper in this district. Answering further, Defendant states that the remainder of

Plaintiff's allegations in paragraph 6 are legal conclusions to which no response is required.

7. Defendants does not dispute that venue may be proper in this district. Answering further, Defendant states that the remainder of Plaintiff's allegations in paragraph 7 are legal conclusions to which no response is required.

8. With respect to Paragraph 8 of the Complaint, Defendant repeats and incorporates by reference its admissions and denials of the allegations set forth in Paragraphs 1 through 7 above.

9. Defendant admits that U.S. Patent No. 6,697,385 ("the '385 Patent") is entitled "Circuit(s), Method(s) and Architecture for Configurable Packet Re-Timing in Network Hubs" and that it purports to be issued February 24, 2004. Defendant admits that a copy of the '385 Patent is attached to the Complaint. Defendant lacks sufficient knowledge or belief to admit or deny the remaining allegations of paragraph 9 and therefore denies those allegations.

10. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth concerning paragraph 10, and therefore denies those allegations.

11. Defendant denies the allegations of paragraph 11.

12. Defendant denies the allegations of paragraph 12.

13. Defendant admits that a letter dated December 5, 2014 is attached to the Complaint and said letter stated that Defendant "appear[s] to induce others to infringe the '385 patent" and that Defendant "appear[s] to contribute to infringement of the '385 patent." Defendant denies the remaining allegations of paragraph 13.

14. Defendant admits that a letter dated December 5, 2014 is attached to the Complaint and said letter stated that Defendant "appear[s] to induce others to infringe the '385 patent" and that Defendant "appear[s] to contribute to

infringement of the ‘385 patent.” Defendant admits that said letter purports to be sent to Sophia Lo. Defendant denies the remaining allegations of paragraph 14.

15. Defendant denies the allegations of paragraph 15.

16. Defendant denies the allegations of paragraph 16.

17. Defendant denies the allegations of paragraph 17.

Defendant denies that Plaintiff is entitled to any of the relief requested in the Complaint, including subparagraphs (A) through (E) of the Prayer for Relief, or to any relief against Defendant.

To the extent any allegations in the Complaint are not addressed, specifically or generally, in the paragraphs above, such allegations are hereby denied.

## AFFIRMATIVE DEFENSES

As for its separate and additional defenses, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

18. The Complaint fails to state a claim against Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

19. The ‘385 Patent is invalid because it fails to comply with the requirements and conditions for patentability established by 35 U.S.C. §§ 102, 103 OR 112

### THIRD AFFIRMATIVE DEFENSE

20. Defendant has not had and does not willfully or otherwise infringe, contribute to the infringement, or induce infringement of any valid or enforceable claim of the ‘385 patent.

### FOURTH AFFIRMATIVE DEFENSE

21. Plaintiff is barred from presenting or seeking an interpretation of the claims necessary to find infringement of the ‘385 Patent by the Defendant, either literally or under the Doctrine of Equivalents, by virtue of representations and

concessions made to the U.S. PTO during the prosecution of the application that matured into the ‘385 Patent.

**FIFTH AFFIRMATIVE DEFENSE**

22. Plaintiff is barred by 35 U.S.C. § 287 from recovering damages for any alleged infringement of the ‘385 Patent that occurred before the filing of the Complaint and notification to Defendant alleging infringement of that patent.

**SIXTH AFFIRMATIVE DEFENSE**

23.The ‘385 Patent is unenforceable because Plaintiff failed to name the correct inventor(s) to the ‘385 Patent with intent to deceive the U.S. PTO to obtain issuance of the ‘385 Patent.

**SEVENTH AFFIRMATIVE DEFENSE**

24. The ‘385 Patent is unenforceable for inequitable conduct because the named inventors and/or the prosecuting attorney of the ‘385 Patent withheld material information from the U.S. PTO with intent to deceive the U.S. PTO to obtain issuance of the ‘385 Patent.

**EIGHTH AFFIRMATIVE DEFENSE**

25. Plaintiff has come into this Court with unclean hands and should therefore be estopped from obtaining any relief. Plaintiff’s claim are barred by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

26. Plaintiff’s claims are barred by the doctrine of collateral estoppel or issue preclusion.

**TENTH AFFIRMATIVE DEFENSE**

27. Plaintiff’s claims are barred by the doctrine of patent misuse, by virtue of Plaintiff’s efforts to enforce and threats to enforce its patents against persons and activities that are beyond the scope of its patents, and to require persons to refuse from engaging in conduct not covered by the patents as a condition of

refraining from suit thereon, as well as by virtue of Plaintiff's efforts to enforce patents that it knows to be invalid and unenforceable.

**ELEVENTH AFFIRMATIVE DEFENSE**

28. The Complaint, and each purported cause of action contained therein, is barred in whole or in part by the doctrines of laches.

**TWELFTH AFFIRMATIVE DEFENSE**

29. Plaintiff's claims against Defendant are barred by the doctrine of license and/or implied license..

**THIRTEENTH AFFIRMATIVE DEFENSE**

30. The Complaint fails to state a claim against Defendants upon which relief can be granted.

**FOURTEENTH AFFIRMATIVE DEFENSE**

31. The Complaint fails to state a claim against Defendants upon which relief can be granted.

**FIFTEENTH AFFIRMATIVE DEFENSE**

32. The Complaint fails to state a claim against Defendants upon which relief can be granted.

Through further investigation and the discovery process Defendant may obtain information and knowledge sufficient to raise additional defenses to the claims brought against them and will raise those additional defenses at that time.

**DEFENDANT'S COUNTERCLAIMS**

Defendant seeks a declaratory judgment of invalidity, noninfringement, and unenforceability of the '385 Patent and that Plaintiff has engaged in unfair competition and has abused the legal process (the "Counterclaims") and alleges as follows:

1. This counterclaim for a declaratory judgment of invalidity, noninfringement and unenforceability of the ‘385 Claim arises under 28 U.S.C. §§ 2201 and 2202 and the Patent Act of the United States, 35 U.S.C. § 101, *et seq.*, including but not limited to Sections 101, 102, 103 and 112. This Court has subject matter jurisdiction over the matters pled under 28 U.S.C. §§ 1331, 1338, 2201and 2202. This counterclaim also includes claims for unfair competition and abuse of process. Such claims are so related to the claims asserted in Plaintiffs complaint that they form part of the same case or controversy and this Court has jurisdiction of these claims pursuant to 28 U.S.C. § 1367(a).

2. Plaintiff alleges to be the owner of all right, title, and interest in and to the ‘385 Patent.

3. Plaintiff alleges that Defendant has infringed and is infringing, has induced or is inducing others to infringe, and/or has committed and is committing acts of contributory infringement of one or more claims of the ‘385 Patent.

4. An actual and justiciable controversy exists between Defendant and Plaintiff as to the infringement, validity, and enforceability of the ‘385 Patent, which is evidenced by the Complaint and Defendant’s Answer to the Complaint, set forth above. Defendant's claims for unfair competition and abuse of process form part of the same case or controversy.

5. Venue over this counterclaim is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, among other reasons, Plaintiff has brought the Complaint for infringement of the '992 and '702 patents in this Court.

6. On information and belief, Plaintiff is a limited liability company organized under the laws of the State of Texas.

7. Defendant is a California corporation.

## COUNTERCLAIM NO. 1

## NON-INFRINGEMENT OF THE ‘385 CLAIM

8. Defendant incorporates paragraphs 1-7 of its Counterclaims as if repeated verbatim.

9. Defendant does not and has never infringed any claim of the '385 patent, either directly, contributorily, or by inducement. Defendant has the right to offer its products and services without being harassed, threatened, or molested by Plaintiff.

**COUNTERCLAIM NO. 2**

**INVALIDITY OF THE '385 CLAIM**

10. Defendant incorporates paragraphs 1-7 of its Counterclaims as if repeated verbatim.

11. The '385 Patent is invalid under the Patent Act, 35 U.S.C. § 101, et seq., including, but not limited to, Sections 101, 102, 103 and 112.

**COUNTERCLAIM NO. 3**

**UNENFORCEABILITY OF THE '385 CLAIM (INEQUITABLE CONDUCT)**

12. Defendant incorporates paragraphs 1-7 of its Counterclaims as if repeated verbatim.

13. The '385 Patent is unenforceable based on the inequitable conduct of Plaintiff and its representatives/agents during the prosecution of the application that matured into the '385 Patent as stated in Paragraphs 18-32 of Defendant's Affirmative Defenses, which Paragraphs are incorporated by reference as if repeated verbatim.

**COUNTERCLAIM NO. 4**

**UNENFORCEABILITY OF THE '385 CLAIM (PROSECUTION LACHES)**

14. Defendant incorporates paragraphs 1-7 of its Counterclaims as if repeated verbatim.

15. The ‘385 Patent is unenforceable based on the equitable doctrine of prosecution laches as alleged in paragraphs 18-32 of Defendant’s Affirmative Defenses, which paragraphs are incorporated by reference and restated as if fully set forth here.

## COUNTERCLAIM NO. 5

## UNFAIR TRADE PRACTICES UNDER CALIFORNIA’S UNFAIR COMPETITION ACT, CAL. BUS. & PROF. CODE § 17200

16. Defendant incorporates paragraphs 1-7 of its Counterclaims as if repeated verbatim.

17. On information and belief, Plaintiff has engaged in a persistent course of unlawful, unfair, and fraudulent business practices directed at Defendant and Defendant’s industry. Plaintiff has (i) made knowingly false and/or misleading statements about the systems and methods covered by its patents; (ii) made knowingly false and misleading statements about the validity of its patents in view of the improperly broad constructions it was and continues to give those patents when describing alleged infringement; (iii) made false statements, without investigation, about alleged infringement of its patents by Defendant and others; (iv) filed and is prosecuting objectively baseless patent infringement lawsuits, without pre-suit investigation against Defendant and others in Defendant’s industry; (v) filed and prosecuted objectively baseless patent infringement lawsuits, without pre-suit investigation; (vi) filed and is prosecuting objectively baseless claims of unfair competition, interference with business advantage, and trade libel against Defendant and others in Defendant’s industry; (vii) sought and obtained default injunction orders against certain companies incorporating knowingly false statements about the scope of its patent claims; and (viii) has touted those default injunction orders in the press to validate its knowingly false statements about the systems and methods covered by its patents.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1. That Plaintiff's Complaint be dismissed with prejudice;

2. That Plaintiff takes nothing by reason of its Complaint;

3. That the '385 Patent, and all of their claims, be adjudged invalid, unenforceable, and not infringed by Defendant;

4. That Plaintiff, its officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with it, be permanently enjoined and restrained from charging, orally or in writing, that the '385 Patent is infringed by Defendant or any of its customers or suppliers, directly or indirectly;

5. That Plaintiff, its officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with it, be permanently enjoined and restrained from any further acts of unfair competition and abuse of process similar to those alleged;

6. That this case be declared an exceptional case under 35 U.S.C. § 285 and Plaintiff ordered to pay Defendant's reasonable attorney's fees;

7. That Plaintiff's conduct has violated the unfair competition laws of the State of California;

8. That Defendant be awarded such other and further equitable or legal relief as the Court or a jury deems proper under the circumstances.

MATHEWS LAW GROUP

Dated: February 27, 2015 By: /s/ Charles T. Mathews
Charles T. Mathews
Attorneys for Defendant,
KORENIX USA CORPORATION